Elizabeth Benson and Allison B. Benson, Executors of Samuel Benson, deceased, Appellants, *v.* Allegheny Heating Company.

*Negligence—Gas—Evidence—Natural gas company.*

In an action against a natural gas company to recover damages for a loss by fire alleged to have been caused by escaping gas igniting a lamp, binding instructions for defendant will be sustained where the only evi-

dence of an explosion of gas was that two windows near where the lamp stood were found after the fire in the alley outside of the building, but it did not appear whether they were blown out or not; the lamp was lying on the floor, unbroken, and after the fire was extinguished two witnesses noticed a strong smell of gas near the service pipe, but made no test, and could not tell whether gas was escaping or not; two witnesses who were within thirty yards of the building when the fire broke out heard no explosion, and one of the plaintiffs who was in the building fifteen minutes before the fire broke out did not notice any smell of gas.

Argued Nov. 2, 1898. Appeal, No. 66, Oct. T., 1898, by plaintiffs, from judgment of C. P. No. 1, Allegheny Co., June T., 1896, No. 565, on verdict for defendant. Before GREEN, MC-COLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Trespass to recover damages for the burning of a building.

Verdict and judgment for defendant, in accordance with binding instructions by the court.

On a rule for a new trial, SLAGLE, J., filed the following opinion:

This is an action of trespass to recover damages for injury to property from a fire alleged to have been caused by negligence of defendant. At the conclusion of the testimony the court instructed the jury to find a verdict in favor of defendant. The only question now to be considered is whether there was any evidence in the case which should have been submitted to the jury. The building injured was used as a pump factory. The portion of the building in which the fire occurred was the engine room. It fronted on Ridge avenue, Allegheny, and was 18 feet wide and 75 feet deep. The defendant company had a gas main on Ridge street, and a service pipe entering the building to which a meter had been attached. On December 10, 1890, the meter was detached and the service pipe was left open. There was however a stop-off in the street near the main pipe. The fire occurred on the night of December 12, at about nine o'clock. In the engine room was a furnace at the distance of about $12\frac{1}{2}$ feet from the gas pipe, under the boilers, which extended back about 22 feet. Back of these, on a table, was an oil lamp about 13 feet from the end of the boilers. It was therefore about $47\frac{1}{2}$ feet from the gas pipe. Plaintiffs' theory was that the gas escaped from the pipe and finally reached the lamp which caused an explosion and the fire.

The testimony on part of plaintiffs was that of Allison Benson, one of the plaintiffs, and L. L. Currier, a foreman in the shop. The only facts upon which the theory of plaintiff was based were that two windows near where the lamp stood were found in the alley alongside the shop, the lamp was lying on the floor unbroken, and after the fire was extinguished they noticed a strong smell of gas near the service pipe. Plaintiffs' counsel argues that these facts would justify the inference that the fire was caused by the escape of gas from defendant's line, especially as no other cause was shown. But the cases upon which he relies are entirely different from this. In each of those cases it was shown that an explosion had occurred, that escaping gas had been suspected, and, afterwards, leaks in the pipes had been discovered. But, in this case, there are many facts which militate against the plaintiffs' theory. No one saw the commencement of the fire, no one saw or heard the explosion, though Mr. Benson or Mr. Currier were, at the time, within thirty yards of the place where it is supposed to have occurred. It is not certain that the windows were blown out. Mr. Benson and Mr. Currier, themselves, say that all they know is that they were out. But they both got there after the fire was under way and did not get into the shop until after the firemen had extinguished the fire in the adjoining building. There was no other evidence of an explosion. If there had been an explosion from gas becoming ignited from the lamp it is inconceivable that there would not have been destruction in other parts of the building as the whole room between the service pipe and lamp and, especially, above it, would have been filled. There is another fact which is opposed to the theory that the lighted lamp ignited the gas; the furnace was within $12\frac{1}{2}$ feet of the service pipe, and there was fire in it that evening. The gas could scarcely have traveled a distance of 47 feet, passing over this furnace. It is argued that as gas rises and the lamp was higher than the furnace and the fire in the latter was low, not burning briskly, it might reach the lamp first. But this would also show that the room above the lamp was filled with gas and its explosion would have caused more destruction. In our judgment the evidence would not justify the conclusion that there had been an explosion. There was scarcely a scintilla of evidence of that fact. Nor was the evidence that it was occa-

sioned by escaping gas more satisfactory.   As stated, the only evidence of that fact was that Mr. Benson and Mr. Currier had noticed a strong smell of gas after the fire was extinguished, which they traced to the service pipe.   But they made no test. Mr. Currier said: "I couldn't say positively whether it was escaping or not."   If he could not say, how could the jury be allowed to infer it and base a verdict upon its being a fact.   But as to this, the other testimony of Mr. Benson and Mr. Currier render this theory more than doubtful.   The meter was taken out on the morning of December 10.   No one noticed any escape of gas until after the fire on the twelfth; during this time the fires had been used in the furnace and the lamp burned at night.   On the night of the fire, Mr. Benson says he was in the building about fifteen minutes before the fire was discovered, that when he came out of the stable the shop was all aflame, and the house on the other side of the alley burning so that they could not enter the alley.   The fire must have started in a few minutes after he left.   If the gas had been escaping at that time, he certainly would have noticed it.   So that on the testimony of the plaintiffs, the jury would not have been justified in finding that gas was escaping from defendant's pipes.

The uncontradicted testimony on part of the defendant was that the next morning on going to the premises, taking out the plug which Mr. Currier had put in the pipe and testing it with fire, no escaping gas was found.   This was testified to by four men and was not disputed.   If this only raised a conflict of testimony, it should all have been submitted to the jury, but upon the testimony of the plaintiffs we are satisfied that there was no sufficient evidence offered to justify the jury in finding that the fire which injured the plaintiffs' property was caused by negligence of defendant, and therefore a new trial must be refused.

*Error assigned* was the action of the court in directing a verdict for defendant.

*George D. Riddle*, for appellant, cited 2 Shearman & Redfield on Negligence, sec. 692; Henderson v. Allegheny Heating Co., 179 Pa. 513; Smith v. Boston Gas Light Co., 129 Mass. 318;

Dixey v. Phila. Traction Co., 180 Pa. 401 ; Koelsch v. Phila. Co., 152 Pa. 355 ; Mose v. Hasting & St. Leonards Gas Co., 4 Fost. & F. 324; Lampert v. Laclede Gas Light Co., 14 Mo. App. 376.

*W. B. Rodgers,* for appellee.

PER CURIAM, November 14, 1898:

The opinion of the learned court below on the motion for a new trial contains so clear and forcible an exposition of the reasons why there should be no recovery in this case that we affirm the judgment on that opinion.

Judgment affirmed.